IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA
Plaintiff
vs
CHRISTOPHER L. RAMOS-TORRES
Defendant

CRIMINAL 15-0109CCC

**ORDER**

On October 2, 2015, defendant Christopher Ramos-Torres filed a Motion to Dismiss Count Two of the Indictment (d.e. 22), opposed by the United on November 23, 2015 (d.e. 30), to which defendant replied on December 13, 2015 (d.e. 34). He argues that the predicate offense, the carjacking charged in Count One of the Indictment that underlies the 18 U.S.C. § 924(c) offense in Count Two, does not qualify as a crime of violence. Specifically, at page 5 of his Motion, he discusses the matter stating that:

> under the categorical approach, a prior offense can only qualify as a 'crime of violence' if all of the criminal conduct covered by a statute – "including the most innocent conduct" – matches or is narrower than the "crime of violence" definition. *United States v. Torres-Miguel*, 701 F.3d 165, 167 (4th Cir 2012). If the most innocent conduct penalized by a statute does not constitute a "crime of violence," then the statute categorically fails to qualify as a "crime of violence."

He continues to aver that since carjacking as defined in 18 U.S.C. § 2119 must have an element of physical force to qualify as a crime of violence under section 924(c)(3), it does not meet this requirement because it can be accomplished by "intimidation" which does not require the use, attempted use or threatened use of physical force. In support of this argument, the Motion to Dismiss primarily relies on United States v. Ramos-Gonzalez, 775 F.3d 483, 505-506 (1st Cir. 2015) and United States v. Torres-Miguel, 701 F.3d 165, 168 (4th Cir. 2012). The First Circuit case, Ramos-Gonzalez, involved Article 256

CRIMINAL 15-0109CCC                    2

of the Puerto Rico Penal Code and the Fourth Circuit case involved a California statute.  Defendant also raised as grounds to dismiss Count Two the Supreme Court holding in <u>Johnson v. United States</u>, 135 S.Ct. 2551 (2015) that the residual clause of section 924(c)(3)(B) is unconstitutionally vague.

The matter was referred to U.S. Magistrate-Judge Bruce J. McGiverin who rendered a Report and Recommendation on January 12, 2016 (d.e. 35), to which defendant filed objections on January 29, 2016 (d.e. 36) followed by the United States' reply on April 11, 2016 (d.e. 41).  The Report and Recommendation contains a thorough discussion of all issues raised and cases cited in the dismissal motion, commencing with defendant's contention that the relevant portion of the residual clause of section 924(c)(3)(B) is unconstitutionally vague by analogizing the language of this section to section 924(e)(2)(B)(ii) of the Armed Career Criminal Act of 1984, found to be unconstitutionally vague by the Supreme Court in <u>Johnson v. United States</u>, 135 S.Ct. 2551, 2557-2558 (2015).  We note that the Magistrate-Judge concluded that "the constitutional void-for-vagueness challenge to the residual clause of section 924 (c)(3)(B) need not be resolved because carjacking qualifies as a crime of violence under the force clause of section 924(c)(3)(A)."  Page 11 of the R&R.

The Report and Recommendation goes on to invoke the "force clause" of 18 U.S.C. § 924(c)(3)(A) which provides that a crime of violence is a felony that "(A) has as an element the use, attempted use or threatened use of physical force against the person or property of another."  The R&R then cites, at page 4, cases that have held that the predicate offense, a carjacking under section 2119, is a crime of violence under section 924(c)(3)(A).  It then goes on at page 6 to list the elements that the government must prove beyond

CRIMINAL 15-0109CCC                      3

reasonable doubt to sustain a section 2119 carjacking conviction, that is, that the defendant "(1) took a motor vehicle, (2) that has moved in interstate commerce, (3) from another person, (4) by force and violence or by intimidation, (5) with the intent to cause death or serious bodily harm."

The U.S. Magistrate-Judge concluded, citing United States v. Cruz-Rivera, 2015 WL 6394416, *3 (D.P.R. 2015), that "even if carjacking is a divisible offense and can be accomplished by intimidation alone, carjacking is still a crime of violence under the force clause of section 924(c)(3)(A)." Id., at p. 6.  The Magistrate-Judge then linked the "threatened use of physical force" with the intent element of the carjacking offense.  He concluded that "[t]he resulting inquiry thus becomes whether a carjacking by intimidation is equivalent to a carjacking that will be accomplished by the threatened use of physical force, that is, violent force capable of causing physical pain or injury to another person." Id. He then observed that carjacking by intimidation under section 2119 necessarily involves the threatened use of physical force. Invoking United States v. Luna, 694 F.3d 91, 108-109 (1st Cir. 2011), a First Circuit case which rejected defendant's claim that if an armed robbery only involved threatening words or gestures it did not have as an element the attempted use or threatened use of physical force, the Magistrate-Judge determined that defendant Ramos failed "to recognize that when a defendant commits a carjacking by intimidation, he/she necessarily threatens the use of physical force." R&R, p. 8.  **The reasoning is based on the valid premise that whether the taking of a motor vehicle was perpetrated by force and violence or by intimidation, it must have been done with the intent to cause death or serious bodily injury on the person from whom it was**

CRIMINAL 15-0109CCC             4

**taken**.  The elements of the offense of carjacking fit the definition of a crime of violence under 18 U.S.C. § 924(c)(3)(A).

The Report and Recommendation described as misplaced defendant Ramos' reliance on the case of United States v. Torres-Miguel, 701 F.3d 165, 168 (4th Cir. 2012).  The Fourth Circuit clearly stated that the plain language of section 422(a) of the California Penal Code required only that the offender "threatened to commit a crime which would result in death or serious bodily injury to another" but no element of section 422(a) necessarily included a "threatened use of physical force" to accomplish that result.  It then resolved the Sentencing Guideline issue regarding Torres-Miguel's prior conviction under section 422(a) of the California Penal Code stating that "a crime may result in death or serious injury (as required by the California statute) without involving use of physical force . . . for example by threatening to poison another which involves no use or threatened use of force... or crimes of gross negligence such as reckless endangerment . . ." Id., pp. 168-169.

Defendant also relies on United States v. Ramos-Gonzalez, 775 F.3d 483, 505-506 (1st Cir. 2015), in which the First Circuit confronted a Sentencing Guideline issue.  The District Court had treated Ramos-Gonzalez as a career offender based on two prior convictions under Puerto Rico law. One was a prior conviction for first degree murder which qualified as a predicate offense for career offender status.  The other conviction was a 1987 charge under Article 256 of the Puerto Rico Penal Code, codified at that time as 33 L.P.R.A. § 4491, which provided, in relevant part:

> Any person who uses violence or intimidation against a public official or employee to compel him/her to perform an act contrary to his her duties or to omit an act inherent to his/her office, or who, by the use of violence or intimidation, offers resistance to said official or employee in the performance of his/her duties, shall be punished by imprisonment or a fine, or both.

CRIMINAL 15-0109CCC                5

The Court observed that both the government and defendant Ramos-Gonzalez failed to offer useful support for their respective arguments. Addressing the government's position, it stated:

> The government has offered no basis on which we could conclude that both the 'violence' and "intimidation' prongs of Article 256 necessarily include an element related to either physical force against an individual or 'serious potential risk of physical injury' to a person which would allow us to classify the statute as a crime of violence under the categorical approach.

Id., at p. 505. Contrary to the statute at issue in Ramos-Gonzalez, the federal carjacking statute, 18 U.S.C. § 2119, requires as two of its essential elements that the taking of a vehicle from a person be "by force and violence or by intimidation" and "with the intent to cause death or serious bodily harm." These elements allow the classification of the carjacking statute as a crime of violence as concluded by the U.S. Magistrate-Judge.

Having considered defendant's Motion to Dismiss Count Two of the Indictment (d.e. 22), the United States' opposition (d.e. 30), defendant's reply (d.e. 34), the analysis and reasoning of U.S. Magistrate-Judge McGiverin set forth in the Report and Recommendation (**d.e. 35**), defendant's objections (d.e. 36), the government's reply to objections (d.e. 41), the same is APPROVED and ADOPTED. For the reasons set forth in this Opinion and Order, the Motion to Dismiss Count Two of the Indictment (**d.e. 22**) is DENIED.

SO ORDERED.

At San Juan, Puerto Rico, on December 13, 2016.

                              S/CARMEN CONSUELO CEREZO
                              United States District Judge